**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARCO PEREZ,

        Petitioner,

v.

WARDEN S. MERENDINO,

        Respondent.

Civil Action No. 24-4083 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

    This matter comes before the Court on the habeas petition filed by Petitioner Marco Perez pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 5), to which Petitioner failed to timely reply. (ECF Docket Sheet.) For the following reasons, the petition is denied.

I. **BACKGROUND**

    Petitioner is a convicted prisoner currently serving a federal sentence for illegally re-entering the United States at FCI Fairton. (ECF No. 1 at 1-2.) Prior to his current criminal proceedings, Petitioner was released from prison for a prior offense and transferred into immigration detention on June 9, 2021. (ECF No. 5-2 at 2.) He remained in immigration detention until December 28, 2021, the date on which he was removed from the United States and deported to Mexico. (*Id.*) Petitioner thereafter illegally re-entered the United States in January 2022, was arrested, and ultimately convicted of illegal re-entry and sentenced to a 46-month term of

imprisonment in June 2022. (ECF No. 5-1 at 1.) Petitioner also received a sentence of time served for violating supervised release as to his prior conviction arising out of his illegal re-entry into the United States. (*Id.*) Following his sentencing in the 2022 criminal matter, Petitioner was awarded 135 days of prior custody credit for the time spent in criminal detention between his arrest on January 18, 2022, and through commencing his sentence in June 2022. (*Id.* at 2.)

Petitioner thereafter administratively requested that the BOP credit him with an additional period of prior custody credit for the period he spent in immigration detention between June and December 2021. (ECF No. 1 at 1-6.) The BOP rejected that request, finding that this detention did not qualify for prior custody credits. (ECF No. 5-1 at 2.) Petitioner now requests that this Court order the BOP to recalculate his sentence to provide this additional period of prior custody credit towards his sentence.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In his habeas petition, Petitioner contends that he should receive more than two-hundred days of additional prior custody credit towards his sentence for time spent in immigration detention prior to his removal in December 2021. Under 18 U.S.C. § 3585(b), a criminal defendant is to receive credit towards his sentence for "any time he spent in official detention prior to the date the

sentence commences . . . as a result of the offense for which the sentence was imposed; or . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." Official detention in this context does not include time spent "being held by [federal immigration officials] pending a civil deportation determination." *D'Amario v. Warden Fairton FCI*, 586 F. App'x 828, 830 (3d Cir. 2014); *see also United States v. Lopez*, 650 F.3d 952, 965-66 (3d Cir. 2011). Thus, time spent in civil immigration detention unrelated to any criminal sentence fails to qualify for prior credits towards a federal sentence, and Petitioner is not entitled to credit for the time he spent in immigration detention following his prior release from prison in June 2021.[1]

Even putting aside the issue of whether immigration detention is "official detention" warranting prior custody credit, Petitioner's claim faces an additional insurmountable hurdle. Prior custody credit under § 3585(b) is only available for time spent in detention as a result of the offense which led to his conviction *or* for crimes for which he was arrested *after* the commission of the offense for which he was convicted. Prior custody credit is not available for detention arising out of events which did not give rise to the current conviction *and* which occurred prior to the criminal conduct for which the petitioner is currently serving a sentence. *See Ezeobi v. Kirby*, 2017 WL 1555596, at *2-3 (D.N.J. Apr. 21, 2017). As the civil immigration detention for which Petitioner now seeks credit is not the result of his underlying criminal conduct – illegally re-entering the United States after his deportation in December 2021 – and occurred *prior* to that

---

[1] Petitioner attempts to suggest that this time period should be considered criminal detention because he still had a supervised release term and was held in a county jail in Massachusetts during this period which presumably also houses criminal detainees. (*See* ECF No. 1 at 6.) Petitioner was not placed in that jail because of his supervised release term, but rather for civil immigration detention. That he still had a supervised release term misses the point. Regardless, as explained below, the time spent in immigration custody would still fail as a basis for credit even if Petitioner was correct that this detention could be in some way construed to be criminal in nature as it occurred prior to his instant offense conduct.

criminal conduct – insomuch as Petitioner had to be deported after his immigration detention before he could illegally re-enter this country – Petitioner's prior period of civil immigration detention is not a proper basis for prior custody credit. Thus, Petitioner is not entitled to prior custody credit for the period he spent in immigration detention, and his habeas petition is therefore denied.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge